07 CV 4726 (RJD) (SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARLENE SANKAR,

                                        Plaintiff,

- against -

THE CITY OF NEW YORK; OFFICER GREG
OSTROWSKI, 103rd PRECINCT; LT. GALLI, 103rd
PRECINCT,

                                        Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Noreen Stackhouse*
*Tel:  (212) 788-9736*
*Matter No. 2008-000886*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

STANDARD OF REVIEW ....................................................................................... 2

ARGUMENT

    POINT I

        THE COURT MISAPPLIED THE LAW IN
        FINDING AN ISSUE OF FACT WITH RESPECT
        TO PROBABLE CAUSE .......................................................... 3

    POINT II

        PLAINTIFF'S MALICIOUS PROSECUTION
        CLAIMS FAIL AS A MATTER OF LAW IN
        LIGHT OF THE SUPREME COURT'S RECENT
        DECISION IN REHBERG .......................................................10

    POINT III

        THE COURT MISAPPLIED THE LAW IN
        DENYING DEFENDANTS QUALIFIED
        IMMUNITY.............................................................................13

    POINT IV

        PLAINTIFF CANNOT MAINTAIN ANY STATE
        LAW CLAIMS AGAINST DEFENDANTS............................15

    POINT V

        LIEUTENANT GALLI WAS NEVER SERVED
        WITH A COPY OF THE SUMMONS AND
        COMPLAINT AND, AS SUCH, MUST BE
        DISMISSED FROM THIS ACTION .......................................16

CONCLUSION........................................................................................................ 19

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                     <u>**Pages**</u>

<u>Armstrong v. Sears</u>, 33 F.3d 182, 188 (2d Cir. 1994 (2d Cir. 1994) ........................... 17

<u>Asia Project Servs. v. Usha Martin Ltd.</u>,
    09 Civ. 5084 (WHP), 2010 U.S. Dist. LEXIS 37801 (S.D.N.Y. Apr. 8, 2010) ...................... 2-3

<u>Baker v. McCollan</u>,
    443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)............................................... 8

<u>Beauchamp v. City of Noblesville</u>,
    2002 U.S. Dist. LEXIS 12414 (S.D. Ind. May 10, 2002) ......................................... 6

<u>Boyd v. City of New York</u>,
    336 F.3d 72 (2d Cir. 2003).................................................................................... 15

<u>Breitbard v. Mitchell</u>,
    390 F. Supp. 2d 237 (E.D.N.Y. 2005) .................................................................. 11

<u>Broughton v. State of New York</u>,
    37 N.Y.2d 451, 373 N.Y.S.2d 87 (1975) ............................................................. 10

<u>Cioce v. County of Westchester</u>,
    128 Fed. Appx. 181 (2d Cir. 2005)....................................................................... 2

<u>Colon v. City of New York</u>,
    60 N.Y.2d 78, 468 N.Y.S.2d 453 (1983) ............................................................. 10

<u>Cornett v. Brown</u>,
    04 Civ. 0754 (DGT) (LB), 2006 U.S. Dist. LEXIS 22415 (E.D.N.Y. Mar. 30, 2006)............. 7

<u>Curley v. Village of Suffern</u>,
    268 F.3d 65 (2d Cir. 2001)................................................................................ 4, 7

<u>Danielak v. City of New York</u>,
    02 Civ. 2349 (KAM), 2005 U.S. Dist. LEXIS 40901 (E.D.N.Y. Sept. 26, 2005).................. 10

<u>Dukes v. City of New York</u>,
    879 F. Supp. 335 (S.D.N.Y. 1995) ...................................................................... 8

<u>EEOC v. Fed. Express Corp.</u>,
    268 F. Supp. 2d 192 (E.D.N.Y. 2003) ................................................................. 2

<u>Equal Empl. Opp. Comm. v. Die Fliedermaus, L.L.C.</u>,
    77 F. Supp. 2d 460, 474 (S.D.N.Y. 1999) ........................................................... 17

**Cases**                                                                                                    **Pages**

Feehan v. Lengyel,
   278 F.App'x 47 (2d Cir. 2008) .................................................................................. 4

Frasca v. United States,
   921 F.2d 450, 453 (2d Cir. 1990).......................................................................... 17

Grant v. City of New York,
   500 F. Supp. 2d, 211 (S.D.N.Y. 2007)................................................................. 15

Golino v. City of New Haven,
   950 F. 2d 864 (2d Cir. 1991),
   cert. denied, 505 U.S. 1221 (1992) ...................................................................... 13

Hunter v. Bryant,
   502 U.S. 224 (1991).............................................................................................. 13

Jocks v. Tavernier,
   316 F.3d 128 (2d Cir. 2003)................................................................................... 8

Johnson v. City of New York,
   08 Civ. 5277 (SHS), 2010 U.S. Dist. LEXIS 55315 (S.D.N.Y. June 7, 2010)......................... 10

Kinzer v. Jackson,
   316 F.3d 139 (2d Cir. 2003)................................................................................. 10

Krause v. Bennett,
   887 F.2d 362 (2d Cir. 1989)................................................................................... 8

Lennon v. Miller,
   66 F.3d 416 (2d Cir. 1995)................................................................................... 13

Little v. Massari,
   526 F. Supp. 2d 371 (E.D.N.Y. 2007) .................................................................... 4

Lowth v. Town of Cheektowaga,
   82 F.3d 563 (2d Cir. 1996)............................................................................. 10, 14

Malley v. Briggs,
   475 U.S. 335 (1986)............................................................................................. 13

Manganiello v. City of New York,
   612 F.3d 149 (2d Cir. 2010)................................................................................. 10

Martinez v. Simonetti,
   202 F.3d 625 (2d Cir. 2000).............................................................................. 4, 14

**Cases**                          **Pages**

Mason v. Village of Babylon,
    124 F. Supp. 2d 807 (E.D.N.Y. 2000) ...................................................... 15

Mentor Ins. Co. v. Brannkasse,
    996 F.2d 506, 512 (2d Cir. 1993) ............................................................. 17

Miloslavsky v. AES Engineering Soc. Inc.,
    808 F. Supp. 351 (S.D.N.Y. 1992),
    aff'd, 993 F.2d 1534 (2d Cir. 1993) ........................................................... 4

Mistretta v. Prokesch,
    5 F. Supp. 2d 128 (E.D.N.Y. 1998) ............................................................ 6

National Union Fire Ins. Co. v. Sun,
    93 Civ. 7170 (LAP), 1994 U.S. Dist. LEXIS 11934
    (S.D.N.Y. August 18, 1994) ..................................................................... 17

Ocasio v. Fashion Inst. of Tech.
    86 F. Supp. 2d 371, 376 (S.D.N.Y. 2000) ................................................. 17

Panetta v. Crowley,
    460 F.3d 388 (2d Cir. 2006)................................................................... 4,7

Parisi v. Suffolk County,
    04 Civ. 2187 (ENV)  (ETB), 2009 U.S. Dist. LEXIS 112388
    (E.D.N.Y. Nov. 30, 2009)........................................................................ 4

Provost v. City of Newburgh,
    262 F.3d 146 (2d Cir. 2001)................................................................... 14

Purgess v. Sharrock,
    33 F.3d 134 (2d Cir. 1994) .................................................................... 14

Rehberg v. Paulk,
    2012 U.S. LEXIS 2711 (U.S. Apr. 2, 2012) ............................................. 12

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997)................................................................. 5, 7

Rivera v. Warden of MCC, N.Y.,
    95 Civ. 3779 (CSH), 2000 U.S. Dist. LEXIS 8212
    S.D.N.Y. June 13, 2000) ........................................................................ 17

Rodriguez v. City of New York,
    08 Civ. 4173 (RRM)  (RLM), 2012 U.S. Dist. LEXIS 43005
    (E.D.N.Y. Mar. 28, 2012) ........................................................................ 6

**Cases**                                                                                                  **Pages**

Rowley v. City of New York,
    00 Civ. 1793 (DAB), 2005 U.S. Dist. LEXIS 22241 (S.D.N.Y. Sept. 30, 2005) ..................... 11

Sankar v. City of New York,
    07 Civ. 4726 (RJD) (SMG), 2012 U.S. Dist. LEXIS 47069
    (E.D.N.Y. Mar. 30, 2012) ......................................................... 1, 3, 5, 7, 11, 12, 13, 16

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003) ................................................................................... 10

Spiegel v. Cortese,
    196 F.3d 717 (7th Cir. 1999),
    cert. denied, 530 U.S. 1243 (2000)) ...................................................................... 6

Tillman v. New York State Department of Mental Health,
    776 F. Supp. 841, 843 (S.D.N.Y. 1991),
    aff'd 963 F.2d 1521 (2d Cir. 1992) ....................................................................... 17

U.S. Underwriters Ins. Co. v. Landau,
    05-CV-2049 (ENV) (SMG), 2010 U.S. Dist. LEXIS 57462 (E.D.N.Y. June 8, 2010) ............. 2

United States v. Delossantos,
    536 F.3d 155 (2d Cir. 2008) .................................................................................. 7

Virgil v. Town of Gates,
    455 Fed. Appx. 36 (2d Cir. 2012) ......................................................................... 4

Williams v. City of New York,
    02 Civ. 3693 (CBM), 2003 U.S. Dist. LEXIS 19078 (S.D.N.Y. Oct. 23, 2003) ...................... 8

Ying Jing Gan v. City of New York,
    996 F2d 522 (2d Cir. 1993) .................................................................................. 9

**Statutes**

Local Civil Rule 6.3 ..................................................................................................... 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARLENE SANKAR,

                                             Plaintiff,

              -against-

THE CITY OF NEW YORK; OFFICER GREG
OSTROWSKI, 103rd PRECINCT; LT. GALLI, 103rd
PRECINCT,

                                             Defendants.

------------------------------------------------------------------------x

**MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANTS' MOTION
FOR RELIEF PURSUANT
TO LOCAL RULE 6.3**

07 CV 4726 (RJD) (SMG)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

### PRELIMINARY STATEMENT

By Opinion and Order dated March 30, 2012, the Court granted in part and denied in part defendants City of New York, Sergeant Ostrowski and Lieutenant Galli's motion for summary judgment. Sankar v. City of New York, 07 Civ. 4726 (RJD)(SMG), 2012 U.S. Dist. LEXIS 47069 (E.D.N.Y. Mar. 30, 2012). The Court granted summary judgment with regard to all of plaintiff's federal claims against defendant City of New York. However, the Court denied summary judgment as to plaintiff's federal and state law claims for (1) false arrest against Sergeant Ostrowski and Lieutenant Galli, and (2) malicious prosecution against Sergeant Ostrowski. In addition, the Court denied summary judgment as to: (1) plaintiff's state law battery claim against Sergeant Ostrowski and Lieutenant Galli, and (2) the surviving state law claims for false arrest, malicious prosecution and battery against the City of New York on a theory of respondeat superior liability. Lastly, the Court granted summary judgment with regard

to all of plaintiff's remaining federal and state law claims against all other named defendants, except for defendant Karlene White.  Id.

        For the reasons stated herein, defendants respectfully request that the Court reconsider its ruling declining summary judgment on plaintiff's remaining federal and state law claims of false arrest and malicious prosecution, as well as plaintiff's state law claim of battery.

## STANDARD OF REVIEW

        Local Civil Rule 6.3 requires that a motion for reconsideration be filed within fourteen (14) days of the issuance of an order granting a motion or, where a court order results in a judgment, within fourteen (14) days of the entry of judgment.  See Local Civil Rule 6.3. Pursuant to Rule 6.3, in addition to a notice of motion, the party moving for reconsideration must also serve "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Local Civil Rule 6.3.  In the instant matter, defendants filed a request for an extension of time until May 8, 2012 to file their motion for reconsideration, which was granted by the Court on or about April 20, 2012.

        "Generally motions for reconsideration are not granted unless 'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  Cioce v. County of Westchester, 128 Fed. Appx. 181, 185 (2d Cir. 2005) (internal citations omitted).  Local Civil Rule 6.3 "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court."  EEOC v. Fed. Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003).  While the granting of reconsideration is a judgment "within the sound discretion of the district court," reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  U.S. Underwriters Ins. Co. v. Landau, 05-CV-2049 (ENV) (SMG), 2010 U.S. Dist. LEXIS 57462, at *11 (E.D.N.Y. June 8, 2010).

"Rather, 'reconsideration allows a court to correct for clear error, to prevent manifest injustice, or to review in the light of newly available evidence.'" Id. at *11 (citing Asia Project Servs. v. Usha Martin Ltd., 09 Civ. 5084 (WHP), 2010 U.S. Dist. LEXIS 37801, at *3 (S.D.N.Y. Apr. 8, 2010)).  For the reasons set forth herein, defendants respectfully request that this Court grant their motion for reconsideration.

## ARGUMENT

### POINT I

### THE COURT MISAPPLIED THE LAW IN FINDING AN ISSUE OF FACT WITH RESPECT TO PROBABLE CAUSE.

In their motion for summary judgment, defendants argued that plaintiff's federal claims for false arrest and malicious prosecution, and state law claims for false arrest, malicious prosecution and battery in connection with her August 24, 2006 arrest by defendants Ostrowski and Galli were barred by the existence of probable cause.  See Defendants' Memorandum of Law in Support of their Motion for Summary Judgment ("Def's Mem."), dated March 1, 2011, at pp. 4-7.

In the Court's Order denying defendants' motion for summary judgment with respect to those claims, the Court stated that this "case ultimately boils down to whether, in effectuating an arrest and commencing a prosecution, a police officer may rely solely on the uncorroborated report of an alleged victim with a *known potential to lie*." Sankar, 2012 U.S. Dist. LEXIS 47069, at * 3.  The Court focused on two "primary points of contention" in reaching the conclusion that there were questions of material fact which precluded summary judgment: (1) whether the complaining victim in this case, Karlene White, was "*actually* injured," and (2) "whether the officers conducted *any* investigation prior to arrest beyond interviewing White." Id. at *9-10.  Defendants respectfully submit that not only is this conclusion clearly erroneous in

light of the controlling case law, but that it is also controverted by the evidence submitted to the Court both in support of and in opposition to defendants' motion for summary judgment.

In the first instance, "'[w]hen determining whether probable cause exists courts must consider those facts available to the officer at the time of the arrest and immediately before it,' as '[p]robable cause does not require absolute certainty.'" Panetta v. Crowley, 460 F.3d 388, 295 (2d Cir. 2006). Additionally, "[c]ourts should look to the 'totality of the circumstances' and 'must be aware that probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules.'" Panetta, 460 F.3d at 395. "When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity." Feehan v. Lengyel, 278 F.App'x 47, 49 (2d Cir. 2008). However, the veracity of those individuals "who are the victims of the very crime they report to the police is *assumed*." Miloslavsky v. AES Engineering Soc. Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534 (2d Cir. 1993)(emphasis added); see also Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000); Parisi v. Suffolk County, 04 Civ. 2187 (ENV)(ETB), 2009 U.S. Dist. LEXIS 112388, at *7 (E.D.N.Y. Nov. 30, 2009) ("the probable cause standard does not require that the arresting officer affirmatively seek out reasons to doubt the victim or witness where none are apparent.").

Furthermore, "probable cause is not negated simply because there may be an innocent explanation for the facts alleged, and 'an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." Little v. Massari, 526 F. Supp. 2d 371, 375 (E.D.N.Y. 2007) (citing Panetta v. Crowley, 460 F.3d 388, 395 - 96 (2d Cir. 2006). As the Second Circuit has noted: "If probable cause is established, there is no

constitutional right, whether under the Fourth or Fourteenth Amendment, to demand further investigation before arrest or prosecution." Virgil v. Town of Gates, 455 Fed. Appx. 36 (2d Cir. 2012).  In Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001), the Second Circuit held that: "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."  Moreover, the Court held that while "a better procedure may [be] for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiffs version wrong before arresting him.  Nor does it matter that an investigation might have cast doubt upon the basis for the arrest.  Before making an arrest, if the arresting officer has probable cause, he need not also believe with certainty that the arrestee will be successfully prosecuted.  Id.

In light of the above, the Court's determination that Sergeant Ostrowski and Lieutenant Galli "should have investigated further but did not," Sankar, 2012 U.S. Dist. LEXIS 47069, at * 20,  is clearly erroneous.  The Court reasoned that Sergeant Ostrowski knew that Ms. White had a potential to lie, or alternatively that Sergeant Ostrowski *should have* known [that White] may very well have an 'axe to grind' with plaintiff."  Id.  However, the facts surrounding plaintiff's relationship with her landlord are irrelevant to the false arrest claim to the extent they were unknown to Sergeant Ostrowski at the time of plaintiff's arrest.  Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997). In that regard, the Court's contention that Sergeant Ostrowski *should have* known that plaintiff is both misguided and contrary to the prevailing case law in the Second Circuit.

Moreover, the Court bases its conclusion that Ms. White had a "known potential to lie" on two purported facts:  (1) that Ms. White informed Sergeant Ostrowski that plaintiff was

5

her landlord, and that White and plaintiff had been engaged in an 'ongoing dispute,' which predated the incident; and (2) plaintiff's self-serving statements that "neither Ostrowski nor any other officers 'personally observed' White's claimed injuries, but instead took White at her word, solely reporting and responding to what stated." Sankar, 2012 U.S. Dist. LEXIS 47069, at * 10. Awareness of an ongoing dispute between an alleged perpetrator and victim cannot impute to Sergeant Ostrowski the knowledge that Ms. White had a "known potential to lie." Rather, defendants submit that the fact that Ms. White was forthcoming with her relationship with the plaintiff lends credibility to her allegations. See Rodriguez v. City of New York, 08 Civ. 4173 (RRM)(RLM), 2012 U.S. Dist. LEXIS 43005, at * 19 (E.D.N.Y. Mar. 28, 2012).

This case is simple. Ms. White informed Sergeant Ostrowski that plaintiff had thrown boiling water on her, and that she sustained injuries as a result. Further, the evidence on the record before the Court clearly demonstrates that Sergeant Ostrowski personally observed those injuries. At the point in time where Ms. White made the complaint, and where Sergeant Ostrowski observed visible injuries, probable cause to arrest plaintiff had clearly been established. While the Court opined that Sergeant Ostrowski should have "canvass[ed] the area, interview[ed] plaintiff or her family, or collect[ed] . . . evidence," such additional steps were not required by the Fourth Amendment. In fact, the fact that additional steps could have been taken is completely irrelevant to the determination of the existence of probable cause.

Perhaps most troubling is the portion of the Court's opinion where the Court insists that Sergeant Ostrowski should have interviewed plaintiff and members of her family about the incident prior to arresting plaintiff. The law does not place such an exhaustive burden on police officers. Plaintiff and her family mostly likely would have disputed Ms. White's allegations. However, the "function of law enforcement officers is to apprehend those suspected

of wrongdoing, not to finally determine guilt through a weighing of the evidence." Mistretta v. Prokesch, 5 F. Supp. 2d 128, 135 (E.D.N.Y. 1998) (citations and quotations omitted).   "The credibility of a . . . witness is a question, not for police officers in the discharge of their considerable duties, but for the jury in a criminal trial." Beauchamp v. City of Noblesville, 2002 U.S. Dist. LEXIS 12414, at *31 (S.D. Ind. May 10, 2002) (quoting Spiegel v. Cortese, 196 F.3d 717, 725 (7th Cir. 1999), cert. denied, 530 U.S. 1243 (2000)).   And, it bears reiterating, Second Circuit law unequivocally establishes that "an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." Panetta, 460 F.3d at 395 – 96.

The Court also concluded that there was no evidence that Ms. White was actually injured, and in so concluding, reasoned that the officers should have investigated the incident further.   In support of that contention, the Court noted that "neither one of Ostrowski's contemporaneous reports indicates that he, or any other officer, conducted any interview with EMS either before or after the arrest, or that EMS ever responded to the scene." Sankar, 2012 U.S. Dist. LEXIS 47069, at * 10.   The Court also found relied on the fact that neither party submitted hospital records to prove or disprove whether White actually went to the hospital or received emergency medical treatment.   Id. at  * 12.   Such evidence was not required to establish probable cause to arrest.

Defendants submit that the inquiry into whether Ms. White was actually injured is largely irrelevant, as the probable cause standard is "far below that of reasonable doubt," and thus, defendant Sergeant Ostrowski was under no obligation to definitively prove that the crime actually happened before arresting plaintiff. See United States v. Delossantos, 536 F.3d 155, 161 (2d Cir. 2008).   Moreover, "[o]nce a police officer has a reasonable basis for believing there is

probable cause, he is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest." Ricciuti, 124 F.3d 123, 128 (2d Cir. 1997); see also Curley, 268 F.3d at 70 ("Although a better procedure may have been for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him."); Cornett v. Brown, 04 Civ. 0754 (DGT) (LB), 2006 U.S. Dist. LEXIS 22415, at *23 (E.D.N.Y. Mar. 30, 2006) ("[W]hile an arresting officer may not disregard information known to him in making an arrest, he is not required 'to investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest.'") (quoting Jocks v. Tavernier, 316 F.3d 128, 135-36 (2d Cir. 2003)); Williams v. City of New York, 02 Civ. 3693 (CBM), 2003 U.S. Dist. LEXIS 19078, at *12 (S.D.N.Y. Oct. 23, 2003) (noting that, once probable cause to arrest exists, police officers have no obligation to conduct additional investigation "to address every possible discrepancy or alternative prior to" the arrest even if "further investigation" would have "yielded results in plaintiffs' favor"); Dukes v. City of New York, 879 F. Supp. 335, 343 (S.D.N.Y. 1995) ("Police officers need not conduct an investigation which exculpates an arrestee.") (citing Baker v. McCollan, 443 U.S. 137, 147, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)). As the Second Circuit has explained,

> [P]robable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be successful. It is therefore of no consequence that a more thorough or more probing investigation might have cast doubt upon the situation.

Krause v. Bennett, 887 F.2d 362, 370 (2d Cir. 1989).  Moreover, as stated above, whether Ms. White eventually went to the hospital or not is irrelevant to the false arrest inquiry because the probable cause standard focuses on the facts known to the officer at the *time of the arrest*.

City defendants also take issue with the Court's inference that Sergeant Ostrowski did not personally observe Ms. White's injuries or interview EMS, even though he unequivocally stated so in his deposition (to which the Court cited but apparently gave no weight). Sergeant Ostrowsi's uncontroverted testimony was as follows:

> Q.  What was the sum and substance of that conversation, unless you remember it word-for-word?
> A.  I don't remember it word-for-word.
> Q.  What did she say happened?
> A:  She stated that she – I believe she heard a knock at the door and she went to open up the door and somebody threw – the tenant threw – the landlord threw hot water on her and caused her to be burned.
> Q.  What did you observe?
> A.  Obvious redness to her neck and hand.  It appeared as though her skin started to almost peel a little bit.
> Q.  So, you saw a first-degree or second-degree burns?
> A.  I don't know what I would call it.  EMS did respond to the scene.
> Q.  Ah-huh.
> A.  And EMS stated that it could be second-degree burns, but they weren't sure.

Plaintiff cannot create a genuine issue of material fact by asserting that defendant Sergeant Ostrowski did not see an injury simply because she says so.  See e.g. Ying Jing Gan v. City of New York, 996 F2d 522, 532 (2d Cir. 1993) (The non-moving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible.").  Ms. White called the police, provided Sergeant Ostrowski with information about how she was injured and identified who inflicted that injury; and the evidence before this Court establishes that Sergeant Ostrowski saw an injury.

Defendants respectfully assert that, in finding that there was a issue of fact over whether Sergeant Ostrowski had probable cause to arrest plaintiff on August 24, 2006, the Court's ruling was clearly erroneous and should be reconsidered.  As such, plaintiff federal and state law claims for false arrest against defendants City of New York, Sergeant Ostrowski and Lieutenant Galli must be dismissed as a matter of law.

9

## POINT II

## PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS FAIL AS A MATTER OF LAW IN LIGHT OF THE SUPREME COURT'S RECENT DECISION IN REHBERG

Additionally, City defendants submit that the Court improperly denied defendants' motion for summary judgment as to plaintiff's federal and state law claims of malicious prosecution as against Sergeant Ostrowski, and respondeat superior claim under state law as against defendant City of New York.

To state a claim of malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against plaintiff; (2) that the proceeding was terminated in the plaintiff's favor; (3) an absence of probable cause for the proceeding; and (4) that the proceeding was instituted with malice. Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (citation omitted) (citing Colon v. City of New York, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453 (1983)); Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003); Broughton v. State of New York, 37 N.Y.2d 451, 456-57, 373 N.Y.S.2d 87 (1975).

The third element the plaintiff must prove is that there was no probable cause for the proceeding. Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York . . . ." Manganiello v. City of New York, 612 F.3d 149, 161-62 (2d Cir. 2010). "The determination of probable cause in the context of malicious prosecution is essentially the same as for false arrest, 'except that [a claim for malicious prosecution] must be evaluated in light of the facts known or believed at the time the prosecution is initiated, rather than at the time of arrest.'" Danielak v. City of New York, 02 Civ. 2349 (KAM), 2005 U.S. Dist. LEXIS 40901, at *10 (E.D.N.Y. Sept. 26, 2005), aff'd, 209 F. App'x 55 (2d Cir. 2006). "Where . . . probable cause existed for the

arrest itself, a plaintiff pursuing a malicious prosecution claim must establish that probable cause somehow 'dissipated' between the time of arrest and the commencement of the prosecution." Johnson v. City of New York, 08 Civ. 5277 (SHS), 2010 U.S. Dist. LEXIS 55315, at *6 (S.D.N.Y. June 7, 2010). "In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact." Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996).

In this case, again, the evidence before the Court demonstrates Ms. White called the police, provided Sergeant Ostrowski with information about how she was injured and identified who inflicted that injury; and the evidence before this Court establishes that Sergeant Ostrowski saw an injury. In fact, it is undisputed that Ms. White, the complaining witness, signed under penalty of perjury an affidavit for the prosecutor unequivocally attesting to plaintiff's actions. Such undisputed evidence supports a finding of probable cause to prosecute plaintiff. Breitbard v. Mitchell, 390 F. Supp. 2d 237, 246 (E.D.N.Y. 2005) (granting summary judgment on the grounds that the complaining victim's police complaint, a criminal court complaint issued by the District Attorney's Office, and the victim's supporting affidavit provided facts that would justify a reasonable person in believing that there were lawful grounds for prosecuting plaintiff, in the absence of plaintiff setting forth any specific facts to controvert that conclusion).

Moreover, plaintiff has set forth absolutely no evidence that probable cause had dissipated between the time of plaintiff's arrest and the presentation to the Grand Jury by the District Attorney's Office. For this reason alone, plaintiff's malicious prosecution claims must fail. See Rowley v. City of New York, 00 Civ. 1793 (DAB), 2005 U.S. Dist. LEXIS 22241, at *33 (S.D.N.Y. Sept. 30, 2005) ("There is no indication in the record, nor does [p]laintiff allege,

11

that any new facts emerged from the point when [plaintiff] was arrested to when he was charged, which might serve to exculpate him. Accordingly, as [d]efendants had probable cause to arrest plaintiff [], and there was no intervening fact that eliminated the probable cause element, summary judgment is granted to [d]efendants on [p]laintiff['s] malicious prosecution claim").

Additionally, while the Court essentially contends that Ostrowski should have "conducted further inquiry, for example, to confirm that White had actually visited the hospital or to request hospital records to corroborate White's claimed injuries," Sankar, 2012 U.S. Dist. LEXIS 47069, at * 36, defendants submit such a burden of further investigating a victim's claims is on the prosecution, not the police officer who effectuated the arrest. However, regardless of that fact, plaintiff has put forth no evidence, other than pure conjecture, that new facts came to light proving that plaintiff was innocent of the crimes charged in the criminal court complaint. Again, while the Court contends that there was no evidence that Ms. White actually went to the hospital, Ms. White did provide an affidavit which affirmed the statements set forth in the criminal court complaint – notably, that she was treated at a local Queens County hospital for her injuries.

Additionally, the Supreme Court's recent decision in Rehberg v. Paulk, 2012 U.S. LEXIS 2711 (U.S. Apr. 2, 2012), clearly counsels against the Court's finding that defendant "Ostrowski's signing of the sworn criminal complaint alone is sufficient to satisfy" the requirement that defendant Ostrowski initiated the prosecution against plaintiff. Sankar, 2012 U.S. Dist. LEXIS 47069, at * 33. The Supreme Court in Rehberg held that grand jury witnesses are entitled to absolute immunity from "*any* § 1983 claim based on the witness' testimony." Rehberg v. Paulk, 2012 U.S. LEXIS 2711 at *23-24 (emphasis added).

In so holding, the Supreme Court in <u>Rehberg</u> the inherent unfairness in allowing a testifying officer to be civilly liable for a malicious prosecution action, yet insulate a prosecutor who in fact initiates and actively prosecutes a matter.   <u>Id.</u> at *28 ("it is almost always a prosecutor who is responsible for the decision to present a case to a grand jury … [i]t would thus be anomalous to permit a police officer who testifies before a grand jury to be sued for maliciously procuring an unjust prosecution when it is the prosecutor, who is shielded by absolute immunity, who is actually responsible for the decision to prosecute.").

Thus, in light of <u>Rehberg</u>, this Court's ruling that Sergeant Ostrowski initiated the prosecution is erroneous, and plaintiff's federal and state law claims of malicious prosecution against defendants Sergeant Ostrowski and the City of New York must be dismissed.

## POINT III

### THE COURT MISAPPLIED THE LAW IN DENYING DEFENDANTS QUALIFIED IMMUNITY.

The Court further declined to grant defendants Sergeant Ostrowski and Lieutenant Galli qualified immunity because the "qualified immunity analysis is inextricably linked to the scope of the officers' pre-arrest investigation."  <u>Sankar</u>, 2012 U.S. Dist. LEXIS 47069, at * 23. In doing so, the Court's analysis plainly ignores the controlling case law governing qualified immunity.

Defendants Sergeant Ostrowski and Lieutenant Galli are, at a minimum, entitled to qualified immunity for their decision to arrest plaintiff.   A police officer is entitled to qualified immunity from a claim for an arrest – or a prosecution -- even in the absence of probable cause, if: (1) it was objectively reasonable for the officer to believe that probable cause existed, or (2) if officers of reasonable competence could disagree on whether there was probable cause.  <u>Golino v. City of New Haven</u>, 950 F.2d 864, 870 (2d Cir. 1991), <u>cert. denied</u>, 505 U.S.

1221 (1992). "An officer's actions are objectively unreasonable when <u>no</u> officer of reasonable competence could have made the same choice in similar circumstances." <u>Lennon v. Miller</u>, 66 F.3d 416, 420-21 (2d Cir. 1995) (emphasis added).  The Supreme Court has noted time and again that "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the *plainly incompetent* or those who *knowingly violate the law*.'" <u>Hunter v. Bryant</u>, 502 U.S. 224, 229 (1991) (per curiam) (quoting <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986)).

For the purposes of the defense of qualified immunity, the Court need only consider those facts that were actually available to the police officer, or could reasonably have been perceived by him, at the moment he engaged in the challenged conduct.  <u>Lowth v. Town of Cheektowaga</u>, 82 F.3d 563, 567 (2d Cir. 1996).  In the context of a qualified immunity defense to an allegation of false arrest, the defending officer need only show "arguable probable cause." <u>Martinez v. Simonetti</u>, 202 F.3d 625, 634 (2d Cir. 2000); <u>see also</u> <u>Provost v. City of Newburgh</u>, 262 F.3d 146, 169 (2d Cir. 2001) ("[A]n officer is immune if he has 'arguable probable cause,' and is subject to suit only if his judgment was so flawed that no reasonable officer would have made a similar choice.").   Ms. White informed Sergeant Ostrowski that plaintiff threw boiling water on her, and Sergeant Ostrowski saw the injury.  On these facts, it  simply cannot be said that <u>no</u> officer would have made the decision to arrest plaintiff, and as such, qualified immunity is appropriate as to plaintiff's false arrest claims.  Moreover, plaintiff has not set forth <u>any</u> evidence that probable cause dissipated after her arrest and, in fact, probable cause was strengthened when Ms. White filed her own affidavit with the District Attorney's Office attesting to plaintiff's actions.  As such, Sergeant Ostrowski is also entitled to qualified immunity on plaintiff's malicious prosecution claims.

# POINT IV

## PLAINTIFF CANNOT MAINTAIN ANY STATE LAW CLAIMS AGAINST DEFENDANTS.[1]

As set forth in defendants' original moving papers, because plaintiff's federal claims for false arrest and malicious prosecution should be dismissed on summary judgment, plaintiff's state law claims should also be dismissed on the merits. "The elements of a federal civil rights claim based upon an allegation of false arrest are the same as the elements of a false arrest claim under New York law." Mason v. Village of Babylon, 124 F. Supp. 2d 807, 814 (E.D.N.Y. 2000). Similarly, "[t]he elements of ... malicious prosecution under § 1983 are substantially the same as the elements under New York law. Therefore, the analysis of the state and the federal claims is identical." Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003) (internal quotations and citations omitted). Therefore, for the same reasons plaintiff cannot establish a federal claim for false arrest or malicious prosecution, she cannot establish a state claim for false arrest or malicious prosecution.

Plaintiff also alleges defendant police officers harmfully and offensively touched plaintiff by handcuffing her without probable cause. Thus, to the extent that the Court finds there was probable cause for plaintiff's arrest, this claim must also be dismissed as plaintiff cannot show that defendant police officers used "objectively unreasonable" force in effecting her arrest. See Grant v. City of New York, 500 F. Supp. 2d, 211, 217 (S.D.N.Y. 2007) (citation omitted).

---

[1] If, however, the Court determines that plaintiff does have a surviving pendent state law claims, the Court should decline to exercise supplemental jurisdiction over the claims. Although the Court should consider "judicial economy, convenience, and fairness to litigants," Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994), these factors do not merit exercising supplemental jurisdiction in the absence of the dismissed federal claims.

## POINT V

### LIEUTENANT GALLI WAS NEVER SERVED WITH A COPY OF THE SUMMONS AND COMPLAINT AND, AS SUCH, MUST BE DISMISSED FROM THIS ACTION.

In a footnote in their motion for summary judgment, defendants stated the following with respect to certain named individuals who remained unserved at the time of the filing of the motion:

> Upon information and belief, the individuals identified in the caption as "Raymond Kelly, Commissioner of the New York City Police Department," "Assistant District Attorney Harris Liolis, The Office Of Queens County District Attorney," "Sgt. Joseph Langan, 103rd Precinct," "Officer Warren Savage, 103rd Precinct," "Lt. Galli, 103rd Precinct" and "Sgt. O'Brien, 103rd Precinct" have not been served with process and therefore are not parties to this action.   Because, however, defendants' motion is fully dispositive, the Court should dismiss plaintiff's amended complaint in its entirety because plaintiff cannot state any cognizable claims as a matter of law.

Def's Mem. at p. 2, n. 1.

However, the Court declined to uphold the requirements of Rule 4(m), instead noting in its own footnote that "whether served or not, all of the named city defendants have been represented ably by Corporation Counsel from the beginning of this suit" as an apparent explanation for declining to grant summary judgment as to Lieutenant Galli. Sankar, 2012 U.S. Dist. LEXIS 47069, at * 4.   Defendants respectfully submit that this, too, is an erroneous application of the law.   This Court does not have personal jurisdiction over Lieutenant Galli, and as such, this action should be dismissed as against him as a matter of law.

Pursuant to Rule 4(m), service of process must take place within 120 days of the filing of the complaint.  "This provision has been interpreted by the Second Circuit to require a district court to dismiss an action where a plaintiff has failed to serve a defendant within 120 days after the filing of the complaint, unless the plaintiff can establish 'good cause.'"  Ocasio v. Fashion Inst. of Tech., 86 F. Supp. 2d 371, 376 (S.D.N.Y. 2000) (citing Armstrong v. Sears, 33 F.3d 182, 188 (2d Cir. 1994)).  "In determining whether a plaintiff has shown good cause under Rule 4(m), courts in this Circuit generally consider whether: (1) the plaintiff made reasonable efforts to serve the defendant, and (2) whether the defendant was prejudiced by the delay in service."  Rivera v. Warden of MCC, N.Y., 95 Civ. 3779 (CSH), 2000 U.S. Dist. LEXIS 8212, at *9 (S.D.N.Y. June 13, 2000) (quoting Equal Empl. Opp. Comm. v. Die Fliedermaus, L.L.C., 77 F. Supp. 2d 460, 474 (S.D.N.Y. 1999)).  The purpose of Rule 4(m)'s 120-day time limit is to foster "diligent prosecution of civil cases."  Tillman v. New York State Department of Mental Health, 776 F. Supp. 841, 843 (S.D.N.Y. 1991), aff'd 963 F.2d 1521 (2d Cir. 1992) (interpreting Rule 4(j), which set the set the time limit for service of a summons and complaint prior to Rule 4(m)).  Dismissal is mandatory if a defendant is not served within 120 days, unless the plaintiff can show good cause for delay.  See Mentor Ins. Co. v. Brannkasse, 996 F.2d 506, 512 (2d Cir. 1993); Frasca v. United States, 921 F.2d 450, 453 (2d Cir. 1990).  "Good cause" or "excusable neglect" is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was "the result of circumstances beyond [his] control."  See National Union Fire Ins. Co. v. Sun, 93 Civ. 7170 (LAP), 1994 U.S. Dist. LEXIS 11934, at *8 (S.D.N.Y. August 18, 1994).

In the instant action, plaintiff has failed to serve Lieutenant Galli within the 120-day period required by Fed. R. Civ. P. 4(m).  As an initial matter, when plaintiff filed the instant

action on November 13, 2007, Lieutenant Galli was not a named defendant in that complaint. However, plaintiff filed an amended complaint on or about July 31, 2009 naming Lieutenant Galli as a defendant.  See Copy of Docket Sheet, annexed hereto as Exhibit "A," at Entry #15. Pursuant to Rule 4(m), service upon Lieutenant Galli should have been made on or before November 30, 2009.  Over two and a half years have passed since plaintiff filed an amended complaint naming Lieutenant Galli as a defendant – well outside the 120-day time frame set forth in the Federal Rules of Civil Procedure – and Lieutenant Galli still has not been served. Nor has plaintiff provided the Court with any explanation whatsoever for this failure of service. In that regard, defendants respectfully submit that whether Lieutenant Galli has been "represented ably" by the Office of the Corporation Counsel is not the standard for service under the Federal Rules of Civil Procedure.   In fact, Lieutenant Galli is not, and never has been, a party to this action.   Accordingly, any claims against Lieutenant Galli should be dismissed by the Court, sua sponte, for plaintiff's failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure and because the Court, as such, does not have personal jurisdiction over Lieutenant Galli.

18

## CONCLUSION

For the foregoing reasons, defendants City of New York and Sergeant Greg

Ostrowski respectfully request that this Court grant their motion for reconsideration, together

with such costs, fees and other and further relief as the Court deems just and proper.

Dated:      New York, NY
            May 8, 2012

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendants City of New York and,
                              Sergeant Greg Ostrowski
                              100 Church Street, Room 3-203A
                              New York, NY 10007
                              (212) 788-9736

                      By:     _____

                              Noreen Stackhouse
                              Assistant Corporation Counsel
                              Special Federal Litigation Division


TO:     Mr. Anthony J. Colleluori, Esq. (By mail)
        Law Offices of Anthony J. Colleluori & Associates
        Attorney for Plaintiff
        68 South Service Road
        Melville, New York 11747

19

Docket No. 07 CV 4726 (RJD) (SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARLENE SANKAR,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, et al.,

                                        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION
FOR RELIEF PURSUANT TO
LOCAL RULE 6.3**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*Sergeant Ostrowski*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Noreen Stackhouse*
*Tel:  (212) 788-9736*
*NYCLIS No. 2008-000886*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................... ,2012*

*.................................................................... Esq.*

*Attorney for .........................................................*

20