UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MARLENE SANKAR,

              Plaintiff,

      - against –

THE CITY OF NEW YORK; OFFICER GREG
OSTROWSKI, 103rd PRECINCT; LT. GALLI, 103rd
PRECINCT;

              Defendants.
------------------------------------------------------------------ x

**MEMORANDUM & ORDER**

07 CV 4726 (RJD)(SMG)

DEARIE, District Judge.

On March 30, 2012, this Court granted in part and denied in part defendants' motion for summary judgment after full consideration of all the evidence and applicable case law. Sankar v. City of New York, No. 07 CV 4726(RJD)(SMG), 2012 WL 1116984, at *13 (E.D.N.Y. Mar. 30, 2012). The remaining defendants now move for reconsideration, arguing, in part, that the Court misapplied the law with respect to probable cause and qualified immunity. In so moving, defendants impermissibly attempt to relitigate issues already fully considered and decided and, in the process, misconstrue the Court's analysis. Defendants also contend that the application of new Supreme Court precedent defeats plaintiff's claim for malicious prosecution. Rehberg v. Paulk, 132 S. Ct. 1497 (2012), however, is inapplicable to the facts of this case and thus does not alter the Court's analysis. Defendants' motion for reconsideration is, therefore, denied.

**DISCUSSION**

Motions for reconsideration in this district are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 of the Southern and Eastern Districts of New York. See generally United States v. James, No. 02 CV 0778(SJ), 2007 WL 914242, at *3

(E.D.N.Y. Mar. 21, 2007). According to the Second Circuit, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted); see also Laina v. United Cerebral Palsy of New York City, Inc., No. CV 2011–3983(SJ)(MDG), 2012 WL 28291, at *1 (E.D.N.Y. Jan. 5, 2012) (Go, M.J.) ("Reconsideration is appropriate where movant demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.") (internal citations and quotation marks omitted); Gibson v. Comm'r of Mental Health, No. 04 Civ. 4350(SAS), 2009 WL 331258, at *2 (S.D.N.Y. Feb. 11, 2009) (Scheindlin, J.) ("A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced, nor is it a substitute for appeal") (internal citations and quotation marks omitted); Nielsen v. New York City Dep't of Educ., No. 04 CV 2182(NGG)(LB), 2007 WL 2743678, at *1 (E.D.N.Y. Sept. 18, 2007) (Garaufis, J.) ("The applicable standard is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court.") (internal citations and quotation marks omitted).

In short, "a motion for reconsideration is not to be used for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Ballard v. St. Peter's Recovery Ctr., No. 1:06-CV-1285(GLS)(DRH), 2007 WL 766321, at *1 (N.D.N.Y. Mar. 8, 2007) (Sharpe, J.) (internal citations and quotation marks omitted).

Defendants have not made a sufficient showing under these standards. In their twenty-eight memorandum pages, defendants have not alerted the Court to controlling decisions or features of the record that the Court overlooked or that otherwise warrant reconsideration by the Court. Indeed, their motion, in substance and form, is an appeal; to wit, defendants argue that the Court simply came out the wrong way on each of plaintiff's claims. In short, defendants' papers present only "repetitive arguments on issues that have already been considered fully by the court." Nielsen, 2007 WL 2743678, at *1 (internal citations and quotation marks omitted).

More troubling than merely erroneous, however, is defendants' blatant attempt to rewrite the Court's analysis to serve their purposes. The Court will refrain from going through defendants' outsized submission line by line, but one particularly specious argument warrants mention. The Court did not, as defendants contend, find that probable cause was lacking because "there were questions of material fact" over "whether the complaining victim . . . was *actually* injured." Defendants' Motion for Reconsideration ("Defs.' Mot.") at 3 (emphasis in original). Whether the victim was "actually injured" played no role in the Court's analysis. Instead, the Court based its holding, in part, on the fact that "defendants have not offered sufficient admissible evidence to refute the possibility that none of the arresting officers *personally observed [the victim's] injuries*." Sankar, 2012 WL 1116984, at *6 (emphasis added). In so holding, the Court did not give Ostrowski's deposition "no weight." Defs.' Mot. at 9. The Court explicitly took Ostrowksi's deposition testimony into account, see, e.g., Sankar, 2012 WL 1116984, at *2 nn.6-8, but determined that it was insufficient to erase genuine issues of material fact. The Court did not rely solely on Plaintiff's "conclusory statements," Defs.' Mot. at 9 (internal citations and quotation marks omitted), but rather, on Ostrowski's own two contemporaneous police reports, both of which failed to report his *personal observations* of the

3

purported victim's injuries. Sankar, 2012 WL 1116984, at *2. Moreover, based upon information gleaned from *defendants' own submitted evidence*, the officers took no photos, collected no evidence, and did not indicate in any reports whether EMS arrived on the scene or were interviewed by officers.[1] The officers very well may have seen injuries and EMS very well may have been interviewed, but in their submissions to the Court, defendants failed to carry their burden to erase genuine issues of material fact that are strictly for a jury to decide. At the very most, Ostrowski's testimony that he personally observed the victim's injuries merely offset the shortcomings of the balance of defendants' evidence.

Defendants cite Rehberg v. Paulk to argue that Officer Ostrowski is absolutely immune from "*any* § 1983 claim based on the witness' testimony." Defs.' Mot. at 12 (citing Rehberg, 132 S. Ct. at 1506 (emphasis added by defendants)). Defendants argue that Rehberg "clearly counsels against the Court's finding" that Ostrowski's signing of the sworn criminal complaint alone is sufficient to satisfy the initiation prong of a malicious prosecution claim. Defs.' Mot. at 12. In Rehberg, the Supreme Court held that an investigator employed by the DA's office was entitled to the same absolute immunity under Section 1983 as a trial witness. In dicta, the Court observed: "By testifying before a grand jury, a law enforcement officer does not perform the function of applying for an arrest warrant; nor does such an officer make the critical decision to initiate a prosecution. . . . [S]uch a witness, unlike a complaining witness at common law, does not make the decision to press criminal charges." Rehberg, 132 S. Ct. at 1507-08.

---

[1] The Court will not now consider evidence submitted indicating that EMS was, in fact called, and that the victim was treated on site. See Ex. E to Defs.' Mot. This evidence is not newly available. If defendants had wished the Court to take the SPRINT reports into account, they should have submitted such evidence when they moved for summary judgment. See Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008) ("While [plaintiff] attached an affidavit to her reconsideration motion that contained certain facts not in the original record . . . we do not consider facts not in the record to be facts that the court 'overlooked.'") (internal citations and quotation marks omitted).

Rehberg, however, is inapplicable. Rehberg did not alter controlling Second Circuit (and New York) law that an officer's filing of a sworn complaint is sufficient to satisfy the initiation prong of a malicious prosecution claim. Ostrowski's testifying at the grand jury was but one additional step this officer took in his effort to push the case against plaintiff forward. If anything, Rehberg reinforces the distinction between one who simply testifies at a grand jury and "does not make the decision to press criminal charges," Rehberg, 132 S. Ct. at 1508, and one, like Ostrowski, who "set[s] the wheels of government in motion by instigating a legal action." Id. at 1507 (citing Wyatt v. Cole, 504 U.S. 158, 164-65 (1992)). Defendants' attempt to convert grand jury testimony into an all-purpose shield from malicious prosecution liability is unpersuasive. The adoption of such a broad interpretation of Rehberg would allow any police officer—regardless of the extent of their involvement in laying the groundwork for an indictment—to escape liability merely by securing an appearance before a grand jury.

For all of the foregoing reasons, defendants' motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
       July 18, 2012

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge
